## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Direct Opportunities Group, LLC<br>d/b/a TruCorps<br>228 Park Avenue South<br># 28822<br>New York NY 10003<br><br><br>Plaintiff,<br><br>v.<br><br>Center for Popular Democracy Action<br>1730 M Street NW, Suite 1115<br>Washington, DC 20036,<br><br><br>Make the Road Action, Inc. d/b/a<br>Make the Road—PA<br>80 8th Avenue, 8th Floor<br>New York, NY 10011,<br><br> and<br><br>Good Jobs Now<br>2400 E. McNichols Street<br>Detroit, MI 48212<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT</u>

Plaintiff Direct Opportunities Group, LLC d/b/a TruCorps ("TruCorps"), by and through

counsel, brings the following complaint seeking a  judgment that three contracts, one to which

TruCorps and Defendant Center for Popular Democracy Action, Inc. ("CPDA") were parties; a

second to which TruCorps, CPDA and Defendant Make the Road Action, Inc. d/b/a Make the

Road-PA ("MR-PA") were parties; and a third to which TruCorps, CPDA and Defendant Good

Jobs Now ("GJN" ) were parties; are rescinded and of no further legal effect.

## I.   JURISDICTION

1. This Court has subject matter jurisdiction over TruCorps' claims pursuant to D.C. Code § 11-921(a)(6).

2. This Court has personal jurisdiction over CPDA pursuant to D.C. Code § 13-422, because CPDA has an office within, is registered as a foreign nonprofit corporation in and has continuous and systematic contacts with, the District of Columbia; and pursuant to D.C. Code §13-423(a)(1) because the claims arise out of CPDA's transacting business in the District of Columbia.

3. This Court has personal jurisdiction over MR-PA pursuant to D.C. Code §13-423(a) because MR-PA acted in concert with CPDA with respect to the claims asserted herein, which arise out of CPDA's transacting business in the District of Columbia.

4. This Court has personal jurisdiction over GJN pursuant to D.C. Code §13-423(a) because GJN acted in concert with CPDA with respect to the claims asserted herein, which arise out of CPDA's transacting business in the District of Columbia.


## THE PARTIES


5. Direct Opportunities Group LLC d/b/a TruCorps ("TruCorps") is a limited liability company formed in Delaware. Its principal place of business is located in New York City, New York. TruCorps provides services to its exclusively progressive and non-profit clients (or "hosts") in the form of comprehensive, flexible and creative solutions for managing payroll and

related human resources functions in support of each client's mission. TruCorps' services include the employment of staff for non-profit organizations for the purposes of providing staffing support services including tracking time, calculating and paying payroll, and establishing and maintaining unemployment insurance and workers compensation insurance coverages.

6. Defendant Center for Popular Democracy Action ("CPDA") is a not for profit corporation incorporated in New York State and registered to do business in the District of Columbia with an office located at 1730 M Street NW, Suite 1115 Washington, DC 20036.  CPDA organizes and carries out programs of voter registration and mobilization, and contacting citizens door to door and in public locations to sign petitions on legislative and policy issues.

7. Defendant Make the Road Action, Inc. ("MR-PA"), is a not for profit  corporation incorporated in New York State and registered to do business in Pennsylvania.  Its Make the Road-PA project engages in community organizing and advocacy, particularly in and for immigrant communities, in Pennsylvania.

8. Defendant Good Jobs Now is a nonprofit corporation incorporated in Colorado with its principal place of business in Detroit, Michigan.  GJN engages in community organizing and advocacy to empower and advocate for policies to improve the economic circumstances of communities of color.

## II.     FACTS GIVING RISE TO CAUSE OF ACTION

9. On or about August 17, 2018, TruCorps and CPDA entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA in support of CPDA's "BLOC Action" project (the "BLOC Contract").

10. On or about August 21, 2018, TruCorps, CPDA and MR-PA entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA and MR-PA in support of CPDA's project for "Make the Road PA" (the "MR-PA Contract").

11. On or about August 17, 2018, TruCorps, CPDA and GJN entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA and GJN in support of CPDA's project for GJN (the "GJN Contract"). The BLOC Contract, the MR-PA Contract and the GJN Contract are collectively referred to herein as the "Contracts."

12. Performance of the Contracts, by their terms, would have required that CPDA in the case of the BLOC Contract, and CPDA and MR-PA in the case of the MR-PA Contract, and CPDA and GJN in the case of the GJN Contract, provide timely and accurate information to TruCorps about the employees working on each project, during each pay period and about the number of hours worked by each employee during each pay period; that CPDA pay advance retainers for the amount of payroll and associated payroll burden costs for the employees for each project respectively; that such retainers would be paid every two weeks.

13. Prior to entering the Contracts, CPDA represented to TruCorps that it would be able to provide the necessary information, in a timely way, for TruCorps to perform its obligations under the Contracts, on an ongoing basis, and that CPDA would be able to make the necessary advances.

14. Prior to entering the MR-PA Contract, MR-PA represented to TruCorps that it would be able to provide the necessary information, in a timely way, for TruCorps to perform its obligations under the Contracts, on an ongoing basis, and that CPDA would be able to make the necessary advances.

4

15. Prior to entering the GJN Contract, GJN represented to TruCorps that it would be able to provide the necessary information, in a timely way, for TruCorps to perform its obligations under the Contracts, on an ongoing basis, and that CPDA would be able to make the necessary advances.

16. TruCorps relied on the representations of CPDA in entering the BLOC Contract.

17. TruCorps relied on the representations of CPDA and MR-PA in entering the MR-PA contract.

18. TruCorps relied on the representations of CPDA and GJN in entering the GJN Contract.

19. The representations described in paragraphs 16, 17 and 18, in fact, were false.

20. The representations were false because CPDA (in the case of the BLOC Contract) and CPDA and MR-PA (in the case of the MR-PA Contract), and CPDA and GJN (in the case of the GJN Contract) were unable to provide the necessary information in a timely way, and CPDA was never able to pay the advances or invoices as required.

21. CPDA knew or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances, for the BLOC Contract.

22. CPDA and MR-PA knew or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances, for the MR-PA Contract.

23. CPDA and GJN new or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances, for the GJN Contract.

24. The misrepresentations described in paragraphs 21, 22 and 23 were made with the intention of having TruCorps rely upon these negligent representations in entering the Contracts.

25. CPDA knew that TruCorps would rely on these misrepresentations.in entering the BLOC Contract.  Had TruCorps known that the representations of CPDA were false, it would not have entered into the BLOC Contract.

26. CPDA knew that TruCorps would rely on these misrepresentations.in entering the MR-PA Contract.  Had TruCorps known that the representations of CPDA and MR-PA were false, it would not have entered into the MR-PA Contract.

27.  CPDA and GJN knew that TruCorps would rely on their misrepresentations in entering the GJN Contract. Had TruCorps known that the representations of CPDA and GJN were false, it would not have entered into the MR-PA Contract.

## COUNT I—RESCISSION

28. TruCorps incorporates by reference paragraphs 1 through 27 of this Complaint, inclusive, as though fully set forth herein.

29. By reason of the misrepresentations of CPDA and MR-PA, TruCorps was deceived into entering into the Contracts with CPDA and MR-PA.

30.  TruCorps is entitled to rescission of the Contracts.

## III.    PRAYER FOR RELIEF

WHEREFORE, TruCorps respectfully requests that the Court grant the following in satisfaction of its claims:

a.  A judgment rescinding each of the BLOC Contract, the MR-PA Contract and the GJN Contract. .

b.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated February 15, 2019

/s/ Joseph E. Sandler
Joseph E. Sandler,
D.C. Bar # 255919
Sandler, Reiff, Lamb, Rosenstein & Birkenstock,
P.C.
1090 Vermont Avenue, N.W., Suite 750
Washington, D.C. 20005
Tel: (202) 479-1111
sandler@sandlerreiff.com

*Attorney for Direct Opportunities Group, LLC d/b/a
TruCorps*

Filed
D.C. Superior Court
02/15/2019 14:21PM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| Direct Opportunities Group, LLC<br>d/b/a TruCorps<br>228 Park Avenue South<br># 28822<br>New York NY 10003<br><br><br>       Plaintiff,<br><br>   v.<br><br>Center for Popular Democracy Action<br>1730 M Street NW, Suite 1115<br>Washington, DC 20036,<br><br><br><br>Make the Road Action, Inc. d/b/a<br>Make the Road—PA<br>80 8th Avenue, 8th Floor<br>New York, NY 10011,<br><br> and<br><br>Good Jobs Now<br>2400 E. McNichols Street<br>Detroit, MI 48212<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. <u>2019 CA 001013 B</u> |

## <u>COMPLAINT</u>

Plaintiff Direct Opportunities Group, LLC d/b/a TruCorps ("TruCorps"), by and through

counsel, brings the following complaint seeking a  judgment that three contracts, one to which

TruCorps and Defendant Center for Popular Democracy Action, Inc. ("CPDA") were parties; a

second to which TruCorps, CPDA and Defendant Make the Road Action, Inc. d/b/a Make the

Road-PA ("MR-PA") were parties; and a third to which TruCorps, CPDA and Defendant Good Jobs Now ("GJN" ) were parties; are rescinded and of no further legal effect.

## I.     JURISDICTION

1. This Court has subject matter jurisdiction over TruCorps' claims pursuant to D.C. Code § 11-921(a)(6).

2. This Court has personal jurisdiction over CPDA pursuant to D.C. Code § 13-422, because CPDA has an office within, is registered as a foreign nonprofit corporation in and has continuous and systematic contacts with, the District of Columbia; and pursuant to D.C. Code §13-423(a)(1) because the claims arise out of CPDA's transacting business in the District of Columbia.

3. This Court has personal jurisdiction over MR-PA pursuant to D.C. Code §13-423(a) because MR-PA acted in concert with CPDA with respect to the claims asserted herein, which arise out of CPDA's transacting business in the District of Columbia.

4. This Court has personal jurisdiction over GJN pursuant to D.C. Code §13-423(a) because GJN acted in concert with CPDA with respect to the claims asserted herein, which arise out of CPDA's transacting business in the District of Columbia.


## THE PARTIES


5. Direct Opportunities Group LLC d/b/a TruCorps ("TruCorps") is a limited liability company formed in Delaware. Its principal place of business is located in New York City, New York. TruCorps provides services to its exclusively progressive and non-profit clients (or "hosts") in the form of comprehensive, flexible and creative solutions for managing payroll and

related human resources functions in support of each client's mission. TruCorps' services include the employment of staff for non-profit organizations for the purposes of providing staffing support services including tracking time, calculating and paying payroll, and establishing and maintaining unemployment insurance and workers compensation insurance coverages.

6. Defendant Center for Popular Democracy Action ("CPDA") is a not for profit corporation incorporated in New York State and registered to do business in the District of Columbia with an office located at 1730 M Street NW, Suite 1115 Washington, DC 20036.  CPDA organizes and carries out programs of voter registration and mobilization, and contacting citizens door to door and in public locations to sign petitions on legislative and policy issues.

7. Defendant Make the Road Action, Inc. ("MR-PA"), is a not for profit  corporation incorporated in New York State and registered to do business in Pennsylvania.  Its Make the Road-PA project engages in community organizing and advocacy, particularly in and for immigrant communities, in Pennsylvania.

8. Defendant Good Jobs Now is a nonprofit corporation incorporated in Colorado with its principal place of business in Detroit, Michigan.  GJN engages in community organizing and advocacy to empower and advocate for policies to improve the economic circumstances of communities of color.

## II.     FACTS GIVING RISE TO CAUSE OF ACTION

9. On or about August 17, 2018, TruCorps and CPDA entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA in support of CPDA's "BLOC Action" project (the "BLOC Contract").

10. On or about August 21, 2018, TruCorps, CPDA and MR-PA entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA and MR-PA in support of CPDA's project for "Make the Road PA" (the "MR-PA Contract").

11. On or about August 17, 2018, TruCorps, CPDA and GJN entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA and GJN in support of CPDA's project for GJN (the "GJN Contract"). The BLOC Contract, the MR-PA Contract and the GJN Contract are collectively referred to herein as the "Contracts."

12. Performance of the Contracts, by their terms, would have required that CPDA in the case of the BLOC Contract, and CPDA and MR-PA in the case of the MR-PA Contract, and CPDA and GJN in the case of the GJN Contract, provide timely and accurate information to TruCorps about the employees working on each project, during each pay period and about the number of hours worked by each employee during each pay period; that CPDA pay advance retainers for the amount of payroll and associated payroll burden costs for the employees for each project respectively; that such retainers would be paid every two weeks.

13. Prior to entering the Contracts, CPDA represented to TruCorps that it would be able to provide the necessary information, in a timely way, for TruCorps to perform its obligations under the Contracts, on an ongoing basis, and that CPDA would be able to make the necessary advances.

14. Prior to entering the MR-PA Contract, MR-PA represented to TruCorps that it would be able to provide the necessary information, in a timely way, for TruCorps to perform its obligations under the Contracts, on an ongoing basis, and that CPDA would be able to make the necessary advances.

4

15. Prior to entering the GJN Contract, GJN represented to TruCorps that it would be able to provide the necessary information, in a timely way,  for TruCorps to perform its obligations under the Contracts, on an ongoing basis, and that CPDA would be able to make the necessary advances.

16. TruCorps relied on the representations of CPDA in entering the BLOC Contract.

17.  TruCorps relied on the representations of CPDA and MR-PA in entering the MR-PA contract.

18. TruCorps relied on the representations of CPDA and GJN in entering the GJN Contract.

19.  The representations described in paragraphs 16, 17 and 18, in fact, were false.

20. The representations were false because CPDA (in the case of the BLOC Contract) and CPDA and MR-PA (in the case of the MR-PA Contract), and CPDA and GJN (in the case of the GJN Contract)  were unable to provide the necessary information  in a timely way, and CPDA was never able to pay the advances or invoices as required.

21.  CPDA knew or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances, for the BLOC Contract.

22.  CPDA and MR-PA knew or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances, for the MR-PA Contract.

23. CPDA and GJN new or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances, for the GJN  Contract.

5

24. The misrepresentations described in paragraphs 21, 22 and 23 were made with the intention of having TruCorps rely upon these negligent representations in entering the Contracts.

25. CPDA knew that TruCorps would rely on these misrepresentations.in entering the BLOC Contract.  Had TruCorps known that the representations of CPDA were false, it would not have entered into the BLOC Contract.

26. CPDA knew that TruCorps would rely on these misrepresentations.in entering the MR-PA Contract.  Had TruCorps known that the representations of CPDA and MR-PA were false, it would not have entered into the MR-PA Contract.

27.  CPDA and GJN knew that TruCorps would rely on their misrepresentations in entering the GJN Contract. Had TruCorps known that the representations of CPDA and GJN were false, it would not have entered into the MR-PA Contract.

### COUNT I—RESCISSION

28. TruCorps incorporates by reference paragraphs 1 through 27 of this Complaint, inclusive, as though fully set forth herein.

29. By reason of the misrepresentations of CPDA and MR-PA, TruCorps was deceived into entering into the Contracts with CPDA and MR-PA.

30.  TruCorps is entitled to rescission of the Contracts.

### III.    PRAYER FOR RELIEF

WHEREFORE, TruCorps respectfully requests that the Court grant the following in satisfaction of its claims:

a.   A judgment rescinding each of the BLOC Contract, the MR-PA Contract and the GJN Contract. .

b.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated February 15, 2019

/s/ Joseph E. Sandler
Joseph E. Sandler,
D.C. Bar # 255919
Sandler, Reiff, Lamb, Rosenstein & Birkenstock,
P.C.
1090 Vermont Avenue, N.W., Suite 750
Washington, D.C. 20005
Tel: (202) 479-1111
sandler@sandlerreiff.com

*Attorney for Direct Opportunities Group, LLC d/b/a
TruCorps*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

DIRECT OPPORTUNITIES GROUP LLC
  Vs.                                C.A. No.      2019 CA 001013 B
CENTER FOR POPULAR DEMOCRACY ACTION et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge MICHAEL L. RANKIN
Date:  February 19, 2019
Initial Conference: 10:30 am, Friday, May 31, 2019
Location:  Courtroom 517
       500 Indiana Avenue N.W.
       WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60