# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIRECT OPPORTUNITIES GROUP, LLC d/b/a TruCorps | : : : |
| Plaintiff, | : : : |
| v. | : : |
| Center for Popular Democracy Action, *et al.*, | : : : : |
| Defendants. | : : : |

Civil Action No. 1:19-cv-01407-TJK

## MOTION TO STAY OR DISMISS PROCEEDINGS IN FAVOR OF ARBITRATION

Defendant Center for Popular Democracy Action ("CPDA"), by and through its undersigned counsel, hereby moves this Court to stay or dismiss this action pending arbitration of Plaintiff's claims pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and in support thereof states as follows:

1.  On or about February 15, 2019, Plaintiff Direct Opportunities Group, LLC d/b/a TruCorps ("TruCorps") filed a complaint against Defendants CPDA, Make the Road Action, Inc. ("MTRA"), and Good Jobs Now ("GJN") in the Superior Court of the District of Columbia, Civil Division captioned *Direct Opportunities Group, LLC d/b/a TruCorps v. Center for Popular Democracy Action et al.*, Case No. 2019 CA 001013 B (the "Complaint") [Doc 1-2]. Despite that Complaint referencing three (3) Contracts between TruCorps and CPDA – the "Bloc Contract," *see* Complaint ¶ 9; the "MR-PA Contract," *see id.* ¶ 10; and the "GJN Contract," *see id.* ¶ 11; collectively, the "Contracts," *id.* – the Complaint fails to attach any of the actual contracts as exhibits.

2. Those Contracts were attached as Exhibits to CPDA's Notice of Removal. *See* [Doc. 1-3] (the "BLOC Contract"); [Doc. 1-4] (the "MR-PA Contract"); [Doc 1-5] (the "GJN Contract"). Each of the Contracts were drafted by Plaintiff TruCorps.

3. On May 15, 2019, CPDA timely removed this action to this Court. [Doc. 1] ("Notice of Removal").

4. Each of the Contracts drafted by TruCorps contains an identical clause requiring the parties to arbitrate the instant dispute:

> The parties agree to arbitrate **any dispute arising under this agreement** or TC's performance of services for CLIENT - under the auspices of the American Arbitration Association and AAA's Commercial Arbitration Rules. The parties agree each to pay 1/2 of AAA's fees, the arbitrator's fees and the costs of the hearing. Each party will be responsible for the costs of their attorneys and witnesses.

BLOC Contract [Doc. 1-3] at 3 ¶ 14 (emphasis added); *see also* MR-PA Contract [Doc. 1-4] at 3 ¶ 14 (same) (emphasis added); GJN Contract [Doc. 1-5] at 3 ¶ 14 (same) (emphasis added).

5. The Contracts further contain a choice-of-law provision providing that they "shall be governed by the law of the District of Columbia." BLOC Contract [Doc. 1-3] at 3 ¶ 15; *see also* MR-PA Contract [Doc. 1-4] at 3 ¶ 15 (same); GJN Contract [Doc. 1-5] at 3 ¶ 15.

6. The public policy of the United States and the District of Columbia strongly favors arbitration. *See, e.g., Pearce v. E.F. Hutton Group, Inc.,* 828 F.2d 826, 829, 264 U.S. App. D.C. 246 (D.C. Cir. 1987) ("the federal policy favoring arbitration counsels that doubts about the intended scope of an agreement to arbitrate be resolved in favor of the arbitral process"). Under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, ("FAA") a written provision requiring arbitration of any controversy arising under a contract or transaction affecting commerce is valid and enforceable. *Id.* § 2. Where such a written agreement exists, a district court **must**, upon application

of a party to the agreement, stay any proceeding pending arbitration in accordance with the written agreement. *Id*. § 3; *see Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original).

7. Pursuant to 9 U.S.C. § 3, if "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…." Under this provision, an issue is "referable to arbitration," and litigation thereon must be stayed pending such arbitration where: (i) a valid written agreement to arbitrate exists between the parties; and (ii) an arbitrable issue exists, i.e., the dispute in question falls within the scope of the arbitration agreement. *Sheet Metal Workers Int'l Ass'n v. United Transp. Union*, 767 F.Supp.2d 161, 168-69 (D.D.C. 2011). Both elements are met in this case.

8. With respect to the first element, Plaintiff TruCorps does not dispute that it drafted and executed the arbitration provisions referenced in Paragraph 4, *supra*, and that it was executed by TruCorps and CPDA. Rather, Plaintiff's Complaint alleges a single count seeking rescission of each of the Contracts, Complaint [Doc. 1-2] at 6 ¶¶ 29-30, on the grounds that CPDA and its hosted projects allegedly fraudulently misrepresented their ability "to provide the necessary information, in a timely way, for TruCorps to perform its objections under the Contracts, on an ongoing basis," and that CPDA further allegedly failed "to make the necessary advances" required by the

Contracts. *Id.* at 4-5 ¶¶ 13-15. Even if these allegations were true[1], they do not challenge in any way the validity of the arbitration clause drafted by TruCorps itself. *See id.*

9. With respect to the second element, it is well-settled law that allegations of the type raised by TruCorps -- that is, "challenges [to] the contract as a whole ... on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced)" <u>must</u>, under the Federal Arbitration Act, be resolved by an arbitrator and not the courts. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444, 449, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (analyzing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)); *Clifton D. Mayhew, Inc. v. Mabro Contruction, Inc.*, 383 F.Supp. 192, (D.D.C. 1974) ("[W]hen a party alleges that the entire contract was canceled, [t]he holding of the Supreme Court in *Prima Paint* indicates that such issues are for arbitrators and not for federal courts to decide."). *See Sheet Metal Workers Int'l Ass'n, supra,* 767 F.Supp.2d 161 (holding, *inter alia*, that allegations that an agreement containing an arbitration clause had terminated and was of no legal effect because certain prerequisites had not been met was a dispute "arising under the agreement" and thus properly the subject of arbitration). *See also Evans v. Dreyfuss Bros.*, 971 A.2d 179 (D.C. 2009) (affirming, on other grounds, a trial court order compelling a party to arbitrate her claims for rescission of contract); *Masurovsky v. Green*, 687 A.2d 198, (D.C. 1996) ("arbitration [is] appropriate for claims of termination, <u>rescission</u>, or frustration") (emphasis added).

10. Moreover, in deciding this question, any doubts regarding the scope of an arbitration clause or the arbitrability of disputes thereunder should be resolved in favor of arbitration. *Clifton D. Mayhew, Inc., supra* at 193.

---

[1] CPDA denies these allegations.

WHEREFORE, Defendant moves the Court to stay or dismiss this action in favor of arbitration of Plaintiff TruCorps's claims, together with such other and further relief as the Court deems just and proper.  A proposed order is attached.

Dated: May 24, 2019                               _____/s/_____
P. Andrew Torrez (D.C. Bar No. 468918)
THE LAW OFFICES OF P. ANDREW TORREZ,
 LLC
28 E. Susquehanna Ave., Suite 206
Towson, Maryland 21286
Phone:  (240) 230-7309
email:  patorrez@patorrez.com

*Attorney for Defendant*
*Center for Popular Democracy Action*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2019, the foregoing Motion to Stay or Dismiss was filed electronically via CM/ECF and electronic copies were served on counsel of record.

                              ____*/s/   P. Andrew Torrez*_____
P. Andrew Torrez

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIRECT OPPORTUNITIES GROUP, LLC d/b/a TruCorps,<br><br>  Plaintiff,<br><br>v.<br><br>Center for Popular Democracy Action, *et al.*,<br><br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 1:19-cv-01407-TJK<br>:<br>:<br>:<br>:<br>:<br>: |

### [PROPOSED] ORDER

This Court, having considered Defendant Center for Popular Democracy Action's Motion to Stay or Dismiss Proceedings in Favor of Arbitration, and any response thereto,

IT IS HEREBY ORDERED THAT Plaintiff TruCorps shall arbitrate its claims against Defendants. Plaintiff's Complaint is hereby dismissed WITH PREJUDICE.

SO ORDERED.

Date: _____

_____
Hon. Timothy J. Kelly,
U.S. District Court Judge