# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DIRECT OPPORTUNITIES GROUP, LLC,
d/b/a TruCorps,

    *Plaintiff*,

    v.

CENTER FOR POPULAR DEMOCRACY
ACTION *et al.*,

    *Defendants*.

Civil Action No. 19-1407 (TJK)

## ORDER

Plaintiff Direct Opportunities Group, LLC, d/b/a TruCorps, brought this case in the Superior Court of the District of Columbia "seeking a judgment that three contracts" to which TruCorps and Defendants are parties "are rescinded and of no further legal effect." Complaint, ECF No. 1-2 ("Compl.") at 1–2. Defendant Center for Popular Democracy Action (CPDA) removed it to this Court based on diversity jurisdiction. ECF No. 1 at 5. TruCorps moved to remand "because it appears that CPDA's principal place of business may be the District of Columbia, which would preclude removal under 28 U.S.C. § 1441(b)(2)." ECF No. 7-1 at 1. CPDA opposed remand, arguing that it is a citizen of New York, not the District of Columbia, because its principal place of business is in New York. ECF No. 10 at 3. CPDA also moved to stay or dismiss the case pending arbitration, ECF No. 6, and TruCorps responded by arguing that a stay is unwarranted because its suit falls outside the scope of the arbitration agreement, ECF No. 8. For the reasons below, the Court holds that CPDA's removal of the case was proper and will stay it pending the completion of arbitration.

\*             \*             \*

"A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). For purposes of removal, a corporation is a citizen of both the state in which it is incorporated and the state "where it has its principal place of business." 28 U.S.C. § 1332(c). Although TruCorps acknowledges that CPDA is incorporated in New York, it suggests that its principal place of business might be in the District of Columbia, largely because it is registered to do business here. ECF No. 7-1 at 2; ECF No. 7-2 at 2. But CPDA has easily met its burden of showing otherwise.[1] Two of CPDA's three Executive Directors are in New York, as opposed to only one in the District of Columbia. Affidavit of Hetal Dalal, ECF No. 10-1 ¶ 4. And CPDA's Chief Operating Officer, its Director of Finance, its former chief of staff (the position was vacant as of the affidavit's date), nearly all its employees and administrative staff, and its finance, human resources, and development departments are in New York as well. *Id.* ¶¶ 5–11. By contrast, CPDA's office in the District of Columbia "primarily engages in . . . legislative duties." *Id.* ¶ 3. On this record, there appears little doubt that CPDA's "nerve center"—where its "officers direct, control, and coordinate the corporation's activities"—is in New York, not here. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). For these reasons, CPDA is not a citizen of the District of Columbia, and the statute does not preclude it from removing the case to this Court.

\*             \*             \*

---

[1] Once removal is challenged, the removing party bears the burden of showing that removal is proper. *Walter E. Campbell Co. v. Hartford Fin. Servs. Grp., Inc.*, 48 F. Supp. 3d 53, 55 (D.D.C. 2014). And in determining the citizenship of a party, the Court may consider affidavits and other material outside the complaint. *See id.*

Under the Federal Arbitration Act, "a litigant is entitled to a stay pending arbitration so long as the suit in which he is a party is 'referable to arbitration' under a valid agreement." *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 921 (D.C. Cir. 2011) (quoting 9 U.S.C. § 3). The Court "must first decide whether the parties entered into a valid and enforceable arbitration agreement and, if so, whether the claims raised in the complaint fall within the scope of the arbitration agreement," *Kindig v. Whole Foods Mkt. Grp., Inc.*, 811 F. Supp. 2d 410, 415 (D.D.C. 2011), resolving "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration," *Wolff v. Westwood Mgmt., LLC*, 558 F.3d 517, 520 (D.C. Cir. 2009) (internal quotation omitted).

Here, under TruCorps's three contracts with Defendants, the parties agreed to arbitrate "*any* dispute arising under" them or its "performance of services for" Defendants.[2] ECF No. 1-3 at 3; ECF No. 1-4 at 3; ECF No. 1-5 at 3. Such a "broad arbitration clause encompasses all matters that touch upon" the three contracts, *Sheet Metal Workers' Int'l Ass'n v. United Transp. Union*, 767 F. Supp. 2d 161, 176 (D.D.C. 2011) (cleaned up), including TruCorps's allegations here. *See, e.g.*, Compl. ¶ 9 ("TruCorps and CPDA entered into a written agreement that TruCorps would provide payroll and human resources services to CPDA"); *id.* ¶ 12 ("Performance of the Contracts, by their terms, would have required that CPDA . . . provide timely and accurate information to TruCorps about the employees working on each project"); *id.*

---

[2] When considering a motion to stay in favor of arbitration, "the appropriate standard of review . . . is the same standard used in resolving summary judgment motions." *Sheet Metal*, 767 F. Supp. 2d at 167 (internal quotation omitted). Therefore, the Court may consider evidence outside the complaint, such as the contracts at issue. *See Brown v. Dorsey & Whitney, LLP.*, 267 F. Supp. 2d 61, 67 (D.D.C. 2003). Even under the motion-to-dismiss standard, though, the Court could consider them because they were "referred to in the complaint and . . . central to the plaintiff's claim." *Marshall v. Honeywell Tech. Sols., Inc.*, 536 F. Supp. 2d 59, 65 (D.D.C. 2008); *see* Compl. at 1–2; *id.* ¶¶ 9–30.

¶ 21 ("CPDA knew or should have known that they would be unable to provide the necessary payroll information in a timely way and to make the required advances"); *id.* ¶ 25 ("CPDA knew that TruCorps would rely on these misrepresentations"); *id.* ¶ 29 ("TruCorps was deceived into entering into the Contracts with CPDA").

TruCorps's only argument to the contrary is that its "claims of misrepresentation, inducing it to enter the contracts, do not fall within the scope of the arbitration agreement." ECF No. 8 at 3. Because it seeks "rescission of three contracts based on misrepresentations made to induce TruCorps to enter the three contracts," it contends, a stay to arbitrate these claims is inappropriate. *Id.* at 1. But the Supreme Court has held otherwise. In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), a case in a similar posture, the Court distinguished between claims of fraud in the inducement of the arbitration clause itself and those of fraud in the inducement of the contract more generally. *Id.* at 403–04. As to the former, the Court held, "the federal court may proceed to adjudicate" them; as to the latter, the statute "does not permit" the same. *Id.* at 404. Because only an arbitrator may address TruCorps's claims of fraud in the inducement of the contract as a whole, it provides no reason why the case should not be stayed pending arbitration. For these reasons, CPDA has met its burden of showing that there is no genuine issue of material fact and it is entitled to a stay.

\*        \*        \*

For all these reasons, it is hereby **ORDERED** that TruCorps's Motion to Remand, ECF No. 7, is **DENIED**; CPDA's Motion to Stay or Dismiss in Favor of Arbitration is **GRANTED IN PART**; and this matter is **STAYED** pending the completion of arbitration. It is further **ORDERED** that the parties shall file a joint status report with the Court within 30 days of the

4

completion of arbitration, unless a stipulation of dismissal is filed sooner.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 24, 2020